UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **00 - 6133** CR - DIMITROULEAS

18 U.S.C. §1344
18 U.S.C. §513                          MAGISTRATE JUDGE
18 U.S.C. §2                                    SNOW

UNITED STATES OF AMERICA

v.

THOMAS BARRETT STRINGER,
    a/k/a "Hank A. Black,"

                Defendant.
_____/



## INDICTMENT

The Grand Jury charges that:

### COUNTS 1 - 60

On or about the dates set forth below, at Dade, Broward and Palm Beach Counties, in the

Southern District of Florida, the defendant,

THOMAS BARRETT STRINGER,
a/k/a "Hank A. Black,"

knowingly and willfully devised and executed and attempted to execute a scheme and artifice to

defraud federally insured financial institutions and to obtain moneys, funds and assets owned by

and under the custody and control of federally insured financial institutions, that is, First Union

National Bank, NationsBank/Bank of America, Mellon United National Bank, US Bank and

Chase Manhattan Bank, all of whose accounts were insured by the Federal Deposit Insurance

Corporation, by means of false and fraudulent pretenses, representations, and promises. in that

the defendant attempted to cause and caused the cashing of counterfeit checks as set forth below, and the deposit of counterfeit checks into bank accounts and then attempted to cause the withdrawal of funds before the respective financial institutions had received notice that the deposited checks were worthless, as set forth below:

| COUNT | DATE | FINANCIAL INSTITUTION | EXECUTIONS OF SCHEME |
|-------|------|------------------------|----------------------|
| 1. | 9/20/99 | First Union National Bank | Cashed check no. 014564, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 2. | 9/20/99 | First Union National Bank | Cashed check no. 014565, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 3. | 9/20/99 | First Union National Bank | Cashed check no. 014567, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 4. | 9/20/99 | First Union National Bank | Cashed check no. 014568, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 5. | 9/20/99 | First Union National Bank | Cashed check no. 014569, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |

| 6. | 9/20/99 | First Union National Bank | Cashed check no. 014571, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 7. | 9/20/99 | First Union National Bank | Cashed check no. 014573, in the amount of $1,289.45, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 8. | 9/21/99 | First Union National Bank | Cashed check no.013587, in the amount of $996.40, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 9. | 9/21/99 | First Union National Bank | Cashed check no. 013589, in the amount of $1,296.70, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 10. | 9/21/99 | First Union National Bank | Cashed check no. 013593, in the amount of $1,296.70, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 11. | 9/21/99 | First Union National Bank | Cashed check no. 013594, in the amount of $1,296.70, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 12. | 9/21/99 | First Union National Bank | Cashed check no. 013595, in the amount of $1,296.70, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |

| 13. | 9/21/99 | First Union National Bank | Cashed check no. 013585, in the amount of $996.40, in the account name of National Auto Finance Co. Inc., made payable to Thomas B. Stringer. |
| 14. | 9/20/99 | First Union National Bank | Cashed check no. 099842, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 15. | 9/20/99 | First Union National Bank | Cashed check no. 099843, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 16. | 9/20/99 | First Union National Bank | Cashed check no. 099844, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 17. | 9/20/99 | First Union National Bank | Cashed check no. 099845, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 18. | 9/20/99 | First Union National Bank | Cashed check no. 099846, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |

| 19. | 9/20/99 | First Union National Bank | Cashed check no. 099847, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
|-----|---------|---------------------------|---|
| 20. | 9/20/99 | First Union National Bank | Cashed check no. 099848, in the amount of $1,435.25, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 21. | 9/20/99 | First Union National Bank | Cashed check no. 099849, in the amount of $985.48, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 22. | 9/20/99 | First Union National Bank | Cashed check no. 099852, in the amount of $985.48, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 23. | 9/20/99 | First Union National Bank | Cashed check no. 099853, in the amount of $985.48, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |
| 24. | 9/20/99 | First Union National Bank | Cashed check no. 099854, in the amount of $985.48, in the account name of Florida Workers Compensation Joint Underwriting Association, Inc. made payable to Thomas B. Stringer. |

| | | | |
|---|---|---|---|
| 25. | 9/20/99 | First Union National Bank | Cashed check no. 099856,<br>in the amount of $985.48,<br>in the account name of<br>Florida Workers Compensation<br>Joint Underwriting Association, Inc.<br>made payable to Thomas B. Stringer. |
| 26. | 10/8/99 | First Union National Bank | Attempted to cash check no. 099987,<br>in the amount of $1,282.45,<br>in the account name of<br>Florida Workers Compensation<br>Joint Underwriting Association, Inc.<br>made payable to Thomas B. Stringer. |
| 27. | 1/14/00 | Mellon United<br>National Bank | Cashed check no. 003440,<br>in the amount of $985.75,<br>in the account name of<br>Bloch Medical, Inc.,<br>made payable to Thomas Stringer. |
| 28. | 1/14/00 | Mellon United<br>National Bank | Cashed check no. 003441,<br>in the amount of $985.75,<br>in the account name of<br>Bloch Medical, Inc.,<br>made payable to Thomas Stringer. |
| 29. | 1/14/00 | Mellon United<br>National Bank | Attempted to cash check no. 003447,<br>in the amount of $985.75,<br>in the account name of<br>Bloch Medical, Inc.,<br>made payable to Thomas Stringer. |
| 30. | 2/18/00 | NationsBank / Bank of<br>America | Cashed check no. 5194652,<br>in the amount of $486.48,<br>in the account name of<br>Travelers Property Casualty,<br>made payable to Thomas B. Stringer. |
| 31. | 2/18/00 | NationsBank / Bank of<br>America | Cashed check no. 5194655,<br>in the amount of $486.48,<br>in the account name of<br>Travelers Property Casualty,<br>made payable to Thomas B. Stringer. |

| | | | |
|---|---|---|---|
| 32. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194657, in the amount of $482.67, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 33. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194658, in the amount of $489.72, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 34. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194659, in the amount of $472.35, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 35. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194663, in the amount of $479.82, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 36. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194665, in the amount of $487.84, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 37. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194667, in the amount of $482.89, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 38. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194668, in the amount of $485.98, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |

| 39. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194669, in the amount of $490.56, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 40. | 2/18/00 | NationsBank / Bank of America | Cashed check no. 5194674, in the amount of $780.57, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 41. | 2/23/00 | NationsBank / Bank of America | Cashed check no. 5194839, in the amount of $493.87, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 42. | 2/23/00 | NationsBank / Bank of America | Cashed check no. 5194842, in the amount of $495.47, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 43. | 2/23/00 | NationsBank / Bank of America | Cashed check no. 5194843, in the amount of $494.67, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 44. | 2/23/00 | NationsBank / Bank of | Cashed check no. 5194845, in the amount of $496.27, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 45. | 2/23/00 | NationsBank / Bank of America | Cashed check no. 5194846, in the amount of $489.82, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |

| 46. | 2/23/00 | NationsBank / Bank of America | Cashed check no. 5194852, in the amount of $989.87, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 47. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194872, in the amount of $789.52, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 48. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194874, in the amount of $489.57, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 49. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194875, in the amount of $486.27, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 50. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194876, in the amount of $496.48, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 51. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194878, in the amount of $498.76, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 52. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194879, in the amount of $497.46, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |

| 53. | 2/25/00 | NationsBank / Bank of America | Cashed check no. 5194883, in the amount of $487.56, in the account name of Travelers Property Casualty, made payable to Thomas B. Stringer. |
| 54. | 9/21/99 | NationsBank / Bank of America | Cashed check no. 093967, in the amount of $996.40, in the account name of Associated Industries Insurance Company, made payable to Thomas B. Stringer. |
| 55. | 9/21/99 | NationsBank / Bank of America | Cashed check no. 093968, in the amount of $996.40, in the account name of Associated Industries Insurance Company, made payable to Thomas B. Stringer. |
| 56. | 7/7/99 | US Bank | Deposited check no. 116, in the amount of $6,000.00, drawn on closed account of H.A. Black, into account of The H.A. Black Corp. |
| 57. | 7/10/99 | US Bank | Deposited check no. 117, in the amount of $7,500.00, drawn on closed account of H.A. Black, into account of The H.A. Black Corp. |
| 58. | 7/12/99 | US Bank | Deposited check no. 118, in the amount of $7,800.00, drawn on closed account of H.A. Black, into account of The H.A. Black Corp. |
| 59. | 1/24/00 | Chase Manhattan Bank | Deposited check no. 1003, in the amount of $5,000.00, drawn on account of Hank A. Black, into account of New Millenium Funding, Inc. |

60.    1/25/00    Chase  Manhattan        Deposited check no.1004,
                  Bank                    in the amount of $6,700.00, drawn
                                          on account of Hank A. Black,
                                          into account of New Millenium
                                          Funding, Inc.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 61

On or about May 2, 2000, at Broward County, in the Southern District of

Florida, the defendant,

### THOMAS BARRETT STRINGER,
a/k/a "Hank A. Black,"

did knowingly make, utter, and possess counterfeited securities of an organization, that is,

counterfeit checks, of Convergys Customer Management Group, an organization which operated in

and the activities of which affected interstate and foreign commerce, with intent to deceive another

person and organization, as specified below:

A) Counterfeited check number 01758191, in the amount of $779.83, drawn on the

account of Convergys Customer Management Group at Bank One, and made payable to Raymond

E. Sarvis.

B) Counterfeited check number 01758190, in the amount of $779.83, drawn on the

account of Convergys Customer Management Group at Bank One, and made payable to Raymond

E. Sarvis.

C) Counterfeited check number 01758189, in the amount of $779.83, drawn on the

account of Convergys Customer Management Group at Bank One, and made payable to Raymond

11

E. Sarvis.

D) Counterfeited check number 01758187, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

E) Counterfeited check number 01758188, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

F) Counterfeited check number 01758186, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

G) Counterfeited check number 01758185, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

H) Counterfeited check number 01758180, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

I) Counterfeited check number 01758184, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

J) Counterfeited check number 01758183, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

K) Counterfeited check number 01758181, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

L) Counterfeited check number 01758182, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

M) Counterfeited check number 01758178, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

N) Counterfeited check number 01758176, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

O) Counterfeited check number 01758175, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

P) Counterfeited check number 01758173, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

Q) Counterfeited check number 01758174, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

R) Counterfeited check number 01758179, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

S) Counterfeited check number 01758177, in the amount of $779.83, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Raymond E. Sarvis.

T) Counterfeited check number 01758145, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

U) Counterfeited check number 01758142, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

V) Counterfeited check number 01758144, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

W) Counterfeited check number 01758146, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

X) Counterfeited check number 01758148, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

14

Y) Counterfeited check number 01758150, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

Z) Counterfeited check number 01758152, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

AA) Counterfeited check number 01758149, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

BB) Counterfeited check number 01758153, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

CC) Counterfeited check number 01758154, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

DD) Counterfeited check number 01758151, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

EE) Counterfeited check number 01758155, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

15

FF) Counterfeited check number 01758156, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

GG) Counterfeited check number 01758139, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

HH) Counterfeited check number 01758143, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

II) Counterfeited check number 01758140, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

JJ) Counterfeited check number 01758137, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

KK) Counterfeited check number 01758135, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

LL) Counterfeited check number 01758136, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

16

MM) Counterfeited check number 01758134, in the amount of $776.46, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Thomas B. Stringer.

NN) Counterfeited check number 01758172, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

OO) Counterfeited check number 01758169, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

PP) Counterfeited check number 01758168, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

QQ) Counterfeited check number 01758167, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

RR) Counterfeited check number 01758170, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

SS) Counterfeited check number 01758166, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

17

TT) Counterfeited check number 01758165, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

UU) Counterfeited check number 01758163, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

VV) Counterfeited check number 01758162, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

WW) Counterfeited check number 01758161, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

XX) Counterfeited check number 01758160, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

YY) Counterfeited check number 01758159, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

ZZ) Counterfeited check number 01758157, in the amount of $778.56, drawn on the account of Convergys Customer Management Group at Bank One, and made payable to Gary Lee Sagar.

18

AAA) Counterfeited check number 01758158, in the amount of $778.56, drawn on

the account of Convergys Customer Management Group at Bank One, and made payable to Gary

Lee Sagar.

All in violation of Title 18, United States Code, Sections 513(a) and 2.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**          CASE NO. _____

v.

THOMAS BARRETT STRINGER
_____          **CERTIFICATE OF TRIAL ATTORNEY***
                                        **Superseding Case Information**:

**Court Division**: (Select One)         New Defendant(s)        Yes  ___  No ___
                                         Number of New Defendants  ___
___ Miami    ___ Key West                Total number of counts    ___
X__ FTL      ___ WPB  ___FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the
     number of probable witnesses and the legal complexities of the Indictment/Information
     attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges
     of this Court in setting their calendars and scheduling criminal trials under the mandate of
     the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No)  _NO_____
     List language and/or dialect   _____

4.   This case will take   _5__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                          (Check only one)

I     0 to 5 days              _X__       Petty        _____
II    6 to 10 days             _____     Minor        _____
III   11 to 20 days            _____     Misdem.      _____
IV    21 to 60 days            _____     Felony       _X__
V     61 days and over         _____
6.   Has this case been previously filed in this District Court? (Yes or No)  _NO_
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No)  _YES_____
If yes:
Magistrate Case No.    _00- 4094- SIMONTON_____
Related Miscellaneous numbers:  _____
Defendant(s) in federal custody as of  _5/2/00_____
Defendant(s) in state custody as of  _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) _NO_
7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1,
1999?  _ Yes_X_ No    If yes, was it pending in the Central Region?  _ Yes_No_

                                        _Roger W. Powell_
                                        ROGER W. POWELL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        FLA BAR. 341411

*Penalty Sheet(s) attached                                      REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   THOMAS BARRETT STRINGER       No :_____

**Count #:1 - 60**
Bank Fraud_____

Title 18, United States Code, Section 1344_____

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine_____

**Count #: 61**
Counterfeited Checks_____

Title 18, United States Code, Section 513_____

*Max. Penalty: 10 Years' Imprisonment; and a $250,000 fine_____

**Count #:**
_____

_____

*Max. Penalty:_____

**Count #:**
_____

_____

*Max. Penalty:_____

**Count #:**
_____

_____

*Max. Penalty:_____

**Count #:**
_____

_____

*Max. Penalty:_____

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

*No.* FL 04162 _ _ _

# UNITED STATES DISTRICT COURT

SOUTHERN . . . . . . . *District of* . FLORIDA _ _ _ _ _ _ _ _ _ _

FORT LAUDERDALE . . . . . . *Division*

## THE UNITED STATES OF AMERICA

*vs*

_ _ _ _ _ _ THOMAS. BARRETT. STRINGER _ _ _ _ _ _

# INDICTMENT

18 U.S.C. 1344
18 U.S.C. 513
18 U.S.C. 2

*A true bill.*

_____ *Foreman*

*Filed in open court this* _ _ . . . . _ _ *day,*

*of* . . . . _ _ . . *A.D. 19* .

_____ *Clerk*

*Bail.* $

DEFT: Thomas Barrett Stringer (J)#          CASE NO: 00-4094-AMS

AUSA: Roger Powell _present_                ATTNY: FPD

AGENT: _____               VIOL: _____

PROCEEDING: PTD Hearing                      BOND REC: _____

BOND HEARING HELD - yes/no                   COUNSEL APPOINTED: _____

___ BOND SET @          $500,000 CSB w/ Nebbia

FILED by ____ D.C.
MAY 1 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CO-SIGNATURES: _____

SPECIAL CONDITIONS: _____

1) Do not violate any law.
2) Appear in court as directed.
3) Surrender and/or do not obtain passports/travel documents.
4) Rpt to PTS as directed /or ____ x's a week/month by phone; ____ x's a week/month in person.
5) Random urine testing by Pretrial Services. ____ treatment as deemed necessary.
6) Maintain or seek full-time employment.
7) Maintain or begin an educational program.
8) No contact with victims/witnesses.
9) No firearms.
10) Curfew:
11) Travel extended to:
12) ____ Halfway House
____ Electronic Monitoring

Δ - has no time hrg.
Both sides stipulate
to a CSB w/ nebbia,
reserving right to
proceed w/ PTD
at a later date.

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: |
| --- | --- | --- | --- |

INQUIRY RE COUNSEL: _____

PTD/BOND HEARING: _____

PRELIM/APPAIGN. or ~~ARRAIGN~~   5-18-00        11:00am        BSS

STATUS CONFERENCE: _____

DATE: 5-11-00        TIME: 10:00am        TAPE # 00-035  PG # 7

1036 - 1344

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4094-AMS

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

vs.    :

THOMAS STRINGER,    :

    Defendant.    :
_____/

## **NOTICE OF ASSIGNMENT**

The above captioned case has been assigned to the Assistant Federal Public Defender

specified below. Please send all notices and inquiries to this attorney at the address listed.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:_____

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this

_10_ day of May, 2000 to Roger Powell, Esquire, United States Attorney's Office, 299 E. Broward

Blvd., Fort Lauderdale, Florida 33301.

Samuel J. Smargon

S\SMARGON\Stringer\ASSIGN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4094-AMS

UNITED STATES OF AMERICA.  :

    Plaintiff.          :

vs.                    :

THOMAS STRINGER.      :

    Defendant.         :

## DEFENDANT'S INVOCATION OF RIGHT TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation. regardless of the subject matter. including. but not limited to: matters that may bear on or relate to arrest. searches and seizures. bail. pretrial release or detention. evidence at trial. guilt or innocence. forfeitures: or that may be relevant to sentencing. enhanced punishments. factors applicable under the U.S. Sentencing Guidelines. restitution. immigration status or consequences resulting from arrest or conviction: appeals or other post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this _12_ day of May, 2000 to Roger Powell, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

Samuel J. Smargon

S:SMARGON:Stringer INVOCAT

2



COPY FOR JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4094-AMS

UNITED STATES OF AMERICA,    :

     Plaintiff,    :

vs.    :

THOMAS STRINGER,    :

     Defendant.    :
_____/

## NOTICE OF ASSIGNMENT

The above captioned case has been assigned to the Assistant Federal Public Defender

specified below.  Please send all notices and inquiries to this attorney at the address listed.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this

_10_ day of May, 2000 to Roger Powell, Esquire, United States Attorney's Office, 299 E. Broward

Blvd., Fort Lauderdale, Florida 33301.

Samuel J. Smargon

S:\SMARGON\Stringer\ASSIGN

COPY FOR JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4094-AMS

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

vs.    :

THOMAS STRINGER,    :

    Defendant.    :

_____/

## DEFENDANT'S INVOCATION OF RIGHT TO SILENCE AND COUNSEL

    The defendant named above does hereby invoke his rights to remain silent and to counsel

with respect to any and all questioning or interrogation, regardless of the subject matter, including,

but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial

release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to

sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines,

restitution, immigration status or consequences resulting from arrest or conviction; appeals or other

post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored,

by forwarding a copy of it to all law enforcement agents, government officials, or employees

associated with the investigation of any matters relating to the defendant. Any contact with the

defendant must be made through the defendant's lawyer. undersigned counsel.

Respectfully submitted.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this

_____ day of May. 2000 to Roger Powell, Esquire, United States Attorney's Office, 299 E. Broward

Blvd.. Fort Lauderdale. Florida 33301.

Samuel J. Smargon

S. SMARGON.Stringer INVOCAT

2