UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6133-CR-DIMITROULEAS

UNITED STATES OF AMERICA

v.

THOMAS BARRETT STRINGER,
a/k/a "Hank A. Black,"

Defendant.
_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. The government is unaware of any written or recorded statements made by the defendant(s).

    2. The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney,



500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for June 2, 2000 at 2:00 p.m. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

1.) Government Exhibit 1-60 - numbered 00001 thru 00062.

2.) Government Exhibit 61 - numbered 00063 thru 00116.

6.  A report analyzing and comparing the handwriting samples provided by checks seized from the defendant following his arrest in this case with the handwriting samples provided from victim banks will be disclosed upon receipt by this office.

A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the thumb print provided by the victim banks on the negotiated checks will be disclosed upon receipt by this office.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

2

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  Counterfeit checks are involved in this indictment and a number were seized from the defendant at time of arrest, copies of which are attached to this response.

L.  If you wish to inspect the computer and printer used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized equipment.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized equipment must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a

3

problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.  A latent fingerprint found on the attached checks has been identified as that of the defendant. A copy of the latent fingerprint will be made available upon request to the undersigned.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1.  The inked thumb print standards attached hereto (at Bates Number 00001-00062) are the inked thumb prints of the defendant.

2.  The bank records (at Bates Number 00001-00116) are true copies of business records of Corporations named in the indictment. They were maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule

4

16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

>Date: September 20, 1999 through May 20, 2000
>Place:  Dade, Broward and Palm Beach Counties

The attachments to this response are numbered pages __00001__ - __000116__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

>Respectfully submitted,
>
>THOMAS E. SCOTT
>UNITED STATES ATTORNEY
>
>By: *[signature]*
>ROGER W. POWELL
>ASSISTANT UNITED STATES ATTORNEY
>Florida Bar No.341411
>500 E. Broward Blvd., Suite 700
>Fort Lauderdale, Florida 33394
>Tel:(954)356-7255; Fax:356-7336

cc: Special Agent Dan Tejada, FBI

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 21st day of May, 2000 to:

>Mr. Samuel J. Smargon
>Assistant Federal Public Defender
>101 N.E. 3rd Avenue, Suite 202
>Fort Lauderdale, FL  33301

>*[signature]*
>ROGER W. POWELL
>ASSISTANT U.S. ATTORNEY

5